

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00371-CR

MICHAEL JEROME HALL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 52,115-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Jerome Hall appeals the ten-year sentence that the trial court imposed after revoking his probation for aggravated assault with a deadly weapon. We affirm.

## Background Facts

On March 15, 2013, Appellant pleaded guilty to aggravated assault with a deadly weapon for attacking Billie Williams with a knife. The trial court sentenced

---

[1]*See* Tex. R. App. P. 47.4.

Appellant to ten years' confinement, suspended the imposition of the sentence, and placed Appellant on community supervision for five years. On March 25, 2014, the State filed a motion to revoke Appellant's community supervision.

During the hearing on the State's motion, Williams was called to testify by subpoena. Williams testified that she did not want to appear in court and had written a letter that she had wanted to send instead. The State asked Williams to read the letter, and Appellant objected on the ground that the letter was hearsay. The trial court overruled the objection, and Williams read the letter, which detailed the pain and mental anguish she had suffered since the attack. Appellant then cross-examined Williams. The letter was not admitted into evidence.

The trial court found that Appellant had violated the terms of his community supervision, revoked his probation, and sentenced him to ten years' confinement. This appeal followed.

## Discussion

In one point, Appellant argues that Williams's letter was hearsay and that the trial court erred by allowing her to read it from the witness stand. Appellant does not argue that Williams's testimony affected the trial court's findings that Appellant violated his probation requirements. He argues only that Williams's testimony "impacted the Court to give Appellant the maximum possible punishment."

Assuming without deciding that admission of Williams's testimony was error, we analyze whether the error calls for reversal of the judgment. Tex. R. App. P. 44.2(b). "The admission of inadmissible hearsay constitutes nonconstitutional error, and it will be considered harmless if the appellate court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect." *Broderick v. State*, 35 S.W.3d 67, 74 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). Further, "improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial." *Id.* (citing *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991)).

Williams, prior to reading her letter, testified to the details of the attack. She said that Appellant had been intoxicated and, unprovoked, cut her with a knife four times, across her wrist, her calf, and across each breast. She testified that she has seen him since the attack and that he has never apologized. She said, "[W]hen I would see him he would just smile like he had no remorse for what he did, don't—he doesn't feel sorry for it at all." Appellant's counsel asked questions on cross-examination about Williams's physical injuries as well as the emotional impact of the attack. On cross-examination, she testified that the injuries on her chest would reopen when she moved. She also testified that she believed the attack caused her bipolar disorder and depression. Appellant's probation officer testified that Appellant had said that he should not be on

probation because he "only cut somebody. They're trying to act like it's [his] fault."

As part of the underlying plea agreement, Appellant judicially confessed to the assault. The trial court had previously sentenced Appellant to ten years' confinement, which was the length of sentence that the trial court imposed after the probation revocation hearing. We are therefore reasonably certain that Williams's reading of her letter did not influence the trial court's determination of punishment or had but slight effect. Accordingly, any error in admitting that testimony was harmless. *See Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd) (holding that error in admitting hearsay was harmless when victim testified to same facts contained in the hearsay statement and was subject to cross-examination). We overrule Appellant's point.

## Conclusion

Having overruled Appellant's point, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2015

4